991 So.2d 1120 (2008)
Mark LEACH
v.
LOUISIANA PAROLE BOARD.
No. 2007 CA 0848.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Mark Leach, DeQuincy, LA, Plaintiff-Appellant, In Proper Person.
Charles C. Foti, Jr., Attorney General, Wendell C. Woods, Assistant Attorney General, Baton Rouge, LA, for Defendant-Appellee, Louisiana Department of Public Safety and Corrections, Board of Parole.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Inmate Mark Leach (Leach) appeals a judgment affirming a decision of the Louisiana Department of Public Safety and Corrections, Board of Parole (Parole Board), that revoked his release on parole. *1121 For the following reasons, we vacate and render.

Factual and Procedural Background
On July 15, 2004, Benny Stevens (Stevens), an agent with the New Orleans West District Office of the Division of Probation and Parole, Department of Public Safety and Corrections, requested a warrant for Leach's arrest for absconding supervision. On September 9, 2004, Leach was arrested pursuant to the warrant that had been issued. A preliminary hearing was conducted before a hearing officer on September 20, 2004. Leach and Stevens were present. Pursuant to supreme court guidelines, Leach's request for appointment of counsel was denied by the hearing officer.
At the preliminary hearing, Stevens testified that on April 5, 2004, Leach reported that he had moved to 3716 Castiglione Street in New Orleans. Pursuant to this reported relocation, Stevens attempted to have Leach's case transferred to the East District Office. His request was denied because Leach was found not to be residing at this address. On April 29, 2004, Leach contacted Stevens to inform him that he had provided an incorrect address and that his correct address was 2716 Castiglione Street. According to Stevens, a second transfer attempt to the East District Office was rejected on the basis that a female resident at that address indicated that she did not know Leach and that he did not live at that address.
Leach explained that he resided at 2716 Castiglione Street and that he was probably staying with a female friend who resided at 2514 S. Galvez Street when the visit was attempted by a parole agent. Leach testified that he was not aware that he needed Stevens' permission to stay at a different address.
According to Stevens, Leach had failed to report to the West District Office and to submit monthly reports from June 2004 through September 2004. A copy of a July 15, 2004 appointment letter addressed to 2716 Castiglione Street, instructing Leach to report on July 27, 2004, was offered into evidence by Stevens, who reported that Leach failed to appear at the appointed time.
Leach testified that because of his supposed transfer to the East District Office, Mary Downey (Downey) was his agent. Although he admitted that he never met with Downey, Leach explained that he reported to the East District Office and filled out monthly reports in June and July 2004. He denied ever receiving Stevens' July 15, 2004 appointment letter.
Stevens testified that Leach owed $2,070 in supervision fees. Leach admitted that he had not been paying his supervision fees and that he had not performed any community service work.
After considering the evidence offered at the preliminary hearing, the hearing officer found that it was likely that Leach actually reported to the East District Office and had submitted monthly reports there. Nonetheless, Leach failed to report to Stevens as directed in the appointment letter. Furthermore, Leach admitted that he had stayed overnight with his girlfriend on S. Galvez Street without first obtaining the permission of his parole officer, and he acknowledged he did not always stay at the listed residence. Furthermore, in light of the East District Office's rejection of the transfer, the hearing officer concluded that Stevens did not know where Leach was staying. Accordingly, the hearing officer found probable cause that Leach had violated four conditions of his paroleconditions 3 (in part), 9, 14, and 15.[1] Therefore, *1122 Leach was informed that he would be held for a final revocation hearing before the Parole Board.
By letter dated November 21, 2004, Leach was informed that his parole revocation hearing had been set for December 16, 2004. In that letter, he was informed that he was charged with violating the following conditions of parole in the following respects:
3. You did not report to agent Stevens as directed, since you failed to answer the appointment letter.
9. You admitted that you had stayed overnight with your girlfriend on S. [Galvez] Street and had not received permission to stay there from your parole officer.
14. You could not be visited at your home or place of employment without notice due [to] absconding.
15. You owe $2,070 in monthly supervision fees.
Leach pled not guilty to all accusations.
At the final revocation hearing, Leach testified that he did in fact live with his niece at the listed address of 2716 Castiglione Street when the transfer was requested. This fact was corroborated by the testimony of his niece, in which she denied having informed parole authorities to the contrary. His niece testified that she simply informed the unidentified female that Leach was not at the residence. Leach denied having acknowledged to parole authorities that he stayed overnight at a girlfriend's home. He testified that he was seeking disability status and was unable to work due to his disability. He denied having knowledge that the condition of his parole required that he perform community service if he were unable to pay the supervision fee. He also denied being advised by his supervising officer that he should be attempting community service.
After listening to the testimony of Leach and his niece and reviewing the violation report and narrative report prepared by Stevens,[2] the Parole Board found that Leach had violated conditions of parole regarding a failure to report, failure to reside at a stated residence, failure to make himself available for visits by supervising parole officers, and failure to pay supervision fees. The Parole Board further found that Leach's violations involved misconduct indicating that he was unwilling to comply with conditions of parole. Accordingly, on December 16, 2004, the Parole Board revoked Leach's parole. See LSA-R.S. 15:574.9(D). Subsequently, Leach brought the instant action in district *1123 court seeking judicial review of the Parole Board's decision.
At the hearing before the commissioner for the district court, the Parole Board introduced the record from the revocation proceeding, including an audio recording of the final revocation hearing before the Parole Board. Following oral arguments, the commissioner initially noted that "the petitioner is only entitled to relief if he demonstrates a violation of his due process rights in the revocation process." Ultimately, the commissioner concluded that Leach failed to show his due process rights were violated during the revocation proceeding. Nonetheless, the commissioner reviewed the record of the Parole Board's hearing and found that the record supported the finding by the Parole Board that the petitioner not only violated the listed conditions of parole, but also displayed an unwillingness to comply with his conditions. Accordingly, the commissioner recommended that the revocation decision be upheld and that Leach's petition for judicial review be dismissed with prejudice. In accordance with the commissioner's recommendation, the district court entered a judgment on November 10, 2006, affirming the Parole Board's decision and dismissing Leach's petition with prejudice. From that judgment, Leach appealed.

Discussion
When the Parole Board made its decision to revoke Leach's parole on December 16, 2004, LSA-R.S. 15:574.11(A) provided, in pertinent part:
Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions, or revocation of parole rest in the discretion of the Board of Parole. No prisoner or parolee shall have a right of appeal from a decision of the board regarding ... the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9.[3] [Footnote added.]
*1124 In Madison v. Ward, 00-2842 (La.App. 1st Cir.7/3/02), 825 So.2d 1245 (en banc), this court concluded that LSA-R.S. 15:574.11, with its provision for appeal of Parole Board actions in a limited, specified circumstance, was a statutory grant of appellate jurisdiction to the Nineteenth Judicial District Court to review decisions of the Parole Board where a denial of a revocation hearing under LSA-R.S. 15:574.9 is alleged or the procedural due process protections specifically afforded for such a hearing were violated. See Madison, 825 So.2d at 1251.[4] Therefore, only where the parolee has alleged in his petition for judicial review that his right to a revocation hearing has been denied, or the procedural due process protections specifically afforded by LSA-R.S. 15:574.9 in connection with such a hearing were violated, is an appeal allowed. Id.
Leach filed his petition for judicial review in the district court on May 23, 2005. His petition discloses that the statement of his claim was set forth in a memorandum in support of judicial review that was attached *1125 to his petition.[5] In this memorandum, Leach set forth the following four issues:
Whether or not Agent Stevens used all proper measures to contact petitioner?
* * *
Whether or not Agent Stevens has jurisdiction and probable cause to place a false arrest warrant out on petitioner?
* * *
Whether or not Agent [Stevens'] actions were cruel, malicious, and with an evil motive to punish the petitioner for being behind in his parole fees?
* * *
Whether or not revocation Board chairman[,] Ms. Simon, knowingly gave false information after deliberation?
These issues pertain to the Parole Board's determination of the credibility of witnesses, its weighing of evidence, and whether there were sufficient facts to support the revocation of Leach's parole. These types of challenges to the Parole Board's decision are clearly not allowed by LSA-R.S. 15:574.11(A), which provides that "revocation of parole [rests] in the discretion of the Board of Parole."
Furthermore, Leach does not dispute that a revocation hearing was conducted by the Parole Board. Leach admitted in his appellate brief that he was not challenging the process by which his "liberty" had been terminated; instead, he challenged the factual information that had been compiled by the agent.
Since Leach's petition for judicial review focuses on the Parole Board's actions in making its determination as to revocation rather than on a violation of LSA-R.S. 15:574.9, Leach's petition was subject to dismissal by the district court as he had stated no cause of action to support his limited right of appeal to the district court under LSA-R.S. 15:574.11(A).[6]See Madison, 825 So.2d at 1251. Therefore, the district court was without appellate jurisdiction to review Leach's attack of the factual findings made by the Parole Board in rendering its revocation decision.

Decree
For these reasons, the district court judgment is vacated, and judgment is rendered dismissing Leach's petition for judicial review.[7] Costs of this appeal are assessed against Mark Leach.
VACATED AND RENDERED.
NOTES
[1] Condition 3 provided:

That I will, between the first and fifth day of each month, or at intervals determined by my Parole Agent, and also on the final day of my parole, make a full and truthful written report upon the form provided for that purpose and that I will take or mail my report to my Parole Agent. I will report to my Parole Agent when directed to do so.
Condition 9 provided:
I agree to live and work at the places stated in my parole plan and will not change residence or employment until after I have permission to do so from the Parole Agent.
Condition 14 provided:
I understand that I am subject to visits by my Parole Agent at my home or place of employment without prior notice.
Condition 15 provided:
I will pay parole supervision fee of $53.00 per month payable the 1st day of each month, or if I am unable to pay my fees, I will work 20 hours a month community service as directed by my Parole Agent. Community service hours worked in lieu of supervision fees will be in addition to any other community service hours ordered by the Board or my supervising Parole Agent.
[2] The narrative report reflects that a "restitution arrearage letter" was sent to Leach monthly to inform him of the arrearages owed.
[3] As of the December 16, 2004 revocation decision, LSA-R.S. 15:574.9 provided:

A. When a parolee has been returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, the board shall hold a hearing to determine whether his parole should be revoked, unless said hearing is expressly waived in writing by the parolee. A waiver shall constitute an admission of the findings of the prerevocation proceeding and result in immediate revocation. If the revocation hearing is not waived, the parolee shall be permitted to consult with and be advised and represented by his own legal counsel or legal counsel appointed under the provisions of R.S. 15:149. At the hearing the parolee may admit, deny, or explain the violation charged, and he may present proof, including affidavits and other evidence, in support of his contentions. Upon request of the parolee, the parole board may postpone the rendering of its decision for a specified reasonable time pending receipt of further information necessary to a final determination.
B. The board may order revocation of parole upon a determination that;
(1) The parolee has failed, without a satisfactory excuse, to comply with a condition of his parole; and
(2) The violation of condition involves the commission of another felony, or misconduct including a substantial risk that the parolee will commit another felony, or misconduct indicating that the parolee is unwilling to comply with proper conditions of parole.
C. Other than for conviction of a felony committed while on parole, action revoking a parolee's parole and recommitting him for violation of the condition of parole must be initiated before the expiration of his parole term. When a warrant for arrest is issued by the Board of Parole or a detainer is issued by the parole officer, the running of the period of parole shall cease as of the time the warrant or detainer is issued. A parolee under supervision in this state or another state, who has absented himself from the supervising jurisdiction, or from his place of residence, without proof of permission for such absence, shall be deemed a fugitive from justice and shall be returned to the physical custody of the Department of Public Safety and Corrections for a revocation hearing by the Board of Parole, without necessity of a prerevocation or probable cause hearing, at or near the place of the arrest or violation. No credit shall be applied toward completing the full parole term for the period of time the parolee was a fugitive from justice.
D. Parole revocation shall require two votes of a three-member panel of parole board members or, if the number of members present exceeds a three-member panel, a majority vote of those members present and voting, and the order of revocation shall be reduced to writing and preserved.
E. When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or out-of-state institution. The parolee shall not receive credit for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.
F. Any such prisoner whose parole has been revoked may be considered by the board for re-parole in accordance with the provisions of this Part.
Subsequently, LSA-R.S. 15:574.9 was amended by 2006 La. Acts, No. 113, § 2, and 2007 La. Acts, No. 402, § 2.
[4] Following Madison, the legislature in 2005 specifically recognized the appellate jurisdiction of the district court over pleadings alleging a violation of LSA-R.S. 15:574.9. See LSA-R.S. 15:574.11(C); 2005 La. Acts, No. 460, § 1, effective August 15, 2005. The district court's review shall be limited to the issues presented in the petition for judicial review. LSA-R.S. 15:574.11(C). Leach's right to judicial review, if any, arose at the time of the revocation decision issued on December 16, 2004, which was before the effective date of the 2005 amendment; therefore, Leach's right to judicial review by the district court, as sought on May 23, 2005, is governed by Madison. Cf. Bertrand v. Louisiana Parole Board, 06-0871 (La.App. 1st Cir.3/28/07), 960 So.2d 979, 981. Bertrand involved an inmate's right to seek judicial review of a revocation decision where allegations of a violation of LSA-R.S. 15:574.9 were made in the inmate's petition for judicial review to the district court. The district court reviewed the matter on November 15, 2005, and, therefore, the inmate clearly had a right to judicial review by the district court over pleadings alleging a violation of LSA-R.S. 15:574.9 whether it be by virtue of the holding in Madison or the provisions of the newly enacted LSA-R.S. 15:574.11(C).
[5] This attachment was incorporated into Leach's petition for judicial review by reference.
[6] Notably, on appeal, Leach questioned for the first time the Parole Board's denial of his request for appointment of counsel to represent him in connection with the revocation proceedings. Since Leach did not raise this issue in the district court proceeding, he cannot raise this issue on appeal. See Uniform Rules-Courts of Appeal Rule 1-3. Thus, we will not address this issue. See Geiger v. State ex rel. Dep't of Health and Hosp., 01-2206 (La.4/12/02), 815 So.2d 80, 86.
[7] Pursuant to Madison, the district court's dismissal for apparently a lack of appellate jurisdiction was not appealable; review by this court would have been by writ under its supervisory jurisdiction. See Madison, 825 So.2d at 1251; Bernard v. Louisiana Dept. of Public Safety and Corrections, 00-1912 (La. App. 1st Cir.9/20/02), 843 So.2d 413, 414, writ denied, 02-2613 (La.1/9/04), 862 So.2d 975. Nonetheless, as of the November 10, 2006 judgment of the district court, LSA-R.S. 15:574.11(C) provided that "[a]n aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal." Accordingly, under LSA-R.S. 15:574.11, as amended in 2005, Leach's appeal of this matter to this court was proper.