CHARLES CUTLER,
v.
PAROLE BOARD.
No. 2009 CA 1268.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
CHARLES CUTLER, Plaintiff/Appellant In Proper Person
WILLIAM KLINE, Counsel for Defendant/Appellee Louisiana Department of Corrections
Before: DOWNING, GAIDRY and McCLENDON, JJ.
McCLENDON, J.
Charles Cutler, an inmate in the custody of the Department of Corrections, appeals the district court's ruling dismissing his petition for review of a parole revocation. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Cutler filed a "Request for Judicial Review" in district court on January 12, 2009, seeking review of a March 19, 2008, Board of Parole (the Board) decision revoking his parole. Cutler asserted that his due process rights were violated because his parole was revoked due to his arrest for possession on drug related charges, but the charges were later dismissed by the district attorney. On February 6, 2009, the district court, on its own motion, issued a rule to show cause why the appeal should not be dismissed insofar as it was not filed within 90 days of the final revocation pursuant to LSA-R.S. 15:574.11. On April 9, 2009, the district court, in conformity with the Commissioner's recommendation, dismissed the appeal, finding that it had been perempted under R.S. 15:574.11(D). Cutler has filed the instant appeal to seek review of the district court's ruling that dismissed his petition.

DISCUSSION
To properly assert his right to review of the Board's decision, a parolee is required to file a petition for judicial review in district court, alleging that his right to a revocation hearing was denied or the procedural due process protections specifically afforded by LSA-R.S. 15:574.9 in connection with such a hearing were violated. See LSA-R.S. 15:574.11(C) and Leach v. Louisiana Parole Bd., 07-0848 (La.App. 1 Cir. 6/6/08), 991 So.2d 1120, writ denied, 08-2385 (La. 8/12/09), 17 So.3d 378, and writ denied, 08-2001 (La. 12/18/09), ___ So.3d ___. Otherwise, the parolee has no right to an appeal. LSA-R.S. 15:574.11(A).
Louisiana Revised Statutes 15:574.11(D) provides the following delays for appealing to the district court:
Petitions for review that allege a denial of a revocation hearing under the provisions of R.S. 15:574.9 shall be subject to a peremptive period of ninety days after the date of revocation by the Board of Parole. When revocation is based upon the conviction of a new felony while on parole, the ninety-day peremptive period shall commence on the date of final judgment of the new felony. Petitions for review filed after this peremptive period shall be dismissed with prejudice. Service of process of petitions for review shall be made upon the chairman of the Board of Parole or his designee.
Cutler contends that the Board, after rendering its decision, did not inform him that he had 90 days to seek review of its ruling in district court. Cutler also contends that the local jails in the Lake Charles area did not have the address to the 19th Judicial District Court and that he was unable to obtain the requisite legal information from the books available at the local jails. Cutler asserts that following his alleged parole violation, he could have been transferred to a Department of Corrections facility that had an adequate legal library and/or inmate counsel. Cutler concludes that his due process rights have been violated and the court should review the merits of his appeal.
The Commissioner's screening report adequately explains the relevant facts and law of this case. We reiterate that because the plain language of LSR.S. 15:574.11(D) indicates that the 90-day period therein is a peremptive period, it cannot be renounced, interrupted, or suspended. LSA-C.C. art. 3461 and Naghi v. Brener, 08-2527, p. 7 (La. 6/26/09), 17 So.3d 919, 923. Moreover, exceptions such as contra non valentum are not applicable. Naghi, 08-2527 at 7, 17 So.3d at 923. Therefore, notwithstanding whether Cutler has a right to appeal under LSA-R.S. 15:574.11(C), for the reasons expressed by the district court and summarily stated herein, Cutler's appeal filed with the district court was untimely.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court. Costs of this appeal are assessed against Charles Cutler. We issue this memorandum opinion in compliance with Uniform Rules of Louisiana Courts of Appeal 2-16.1(B).
AFFIRMED.