NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1411

EARL BREAUX

VERSUS

LOUISIANA PAROLE BOARD

Judgment rendered: AUG 0 3 2020

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C-683723, Sec. 24

The Honorable R. Michael Caldwell, Judge Presiding

* * * * *

Earl Breaux                                    In Proper Person
Dixon Correctional Institute
Jackson, Louisiana


Christopher N. Walters                          Attorney for Defendant/Appellee
and
Grant Lloyd Willis
Louisiana Department of Justice                 Louisiana Parole Board
Baton Rouge, Louisiana

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

Earl Breaux, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), filed suit in district court for judicial review of a decision of the Louisiana Board of Pardons and Parole ("the Parole Board") that revoked his parole. The district court rendered judgment dismissing Breaux's suit with prejudice for failure to state a claim for which relief could be granted and because it was perempted. We affirm.

## FACTS AND PROCEDURAL HISTORY

The Parole Board revoked Breaux's parole effective February 25, 2016, after he waived a final revocation hearing and pled guilty to violating several conditions of his parole.[1] On May 6, 2019, Breaux filed a "Motion for Revocation of Parole Hearing and Appointment of Counsel Pursuant to LARS 15:179." Therein, Breaux noted he was in the physical custody of DPSC following his arrest pursuant to a warrant issued for absconding supervision. Breaux complained he did not have a revocation hearing and did not waive his right thereto. The pleading was accompanied by a motion to proceed *in forma pauperis*, which was granted on June 3, 2019.

Upon receipt of service, the Parole Board filed a motion to dismiss Breaux's claims, asserting that Breaux's petition failed to state a valid claim for which relief could be granted. The Board noted the revocation record revealed that Breaux expressly waived his right, in writing, to a final revocation hearing and that he pled guilty to more than one parole violation. The Parole Board further argued that the

---

[1] Specifically, Breaux pled guilty to violating the following conditions of his parole: failing to report to his parole officer for a total of 24 consecutive months and not making himself available for supervision for two years; abusing alcohol during his term of parole supervision; failing to keep his parole officer apprised of his employment status since February 2014; moving from his last reported address in early 2014 without providing his parole officer with a subsequent address and absconding parole supervision for two years; failing to report to his parole officer as directed, making drug screens impossible; and being $2,705.00 in arrears towards supervision fee payments.

2

claim was perempted under the ninety-day peremptive period set forth in La. R.S. 15:574.11(D). As such, the Parole Board asserted, Breaux would have had ninety days from the revocation decision on March 21, 2016, to challenge the Parole Board's decision, and any petition or appeal filed by Breaux in May of 2019 was clearly untimely on its face.

The matter was referred to a commissioner for review.[2] The commissioner issued a recommendation on July 9, 2019 that Breaux's petition for review of the Parole Board's revocation decision be dismissed, with prejudice, for failure to state a claim for which relief could be granted and for being perempted under La. R.S. 15:574.11(D). Breaux filed a traversal of the commissioner's recommendation. Thereafter, in accordance with the commissioner's recommendation, the district court rendered judgment on August 5, 2019, granting the Parole Board's motion to dismiss and dismissing Breaux's petition with prejudice. This appeal followed.

## DISCUSSION

Louisiana Revised Statute 15:574.11 sets forth the procedure by which a parolee may seek review of the revocation of his parole and provides, in pertinent part, as follows:

> A. Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions, or revocation of parole rest in the discretion of the committee on parole. **No prisoner or parolee shall have a right of appeal from a decision of the committee regarding** release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or **the revocation** or reconsideration of revocation **of parole, except for the denial of a revocation hearing under R.S. 15:574.9.**

---

[2] The offices of commissioner of the Nineteenth Judicial District Court were created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5).

\* \* \*

**C. The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9.** The review shall be conducted by the court without a jury and shall be confined to the revocation record. Within thirty days after service of the petition, or within further time allowed by the court, the committee on parole shall transmit to the reviewing court the original or a certified copy of the entire revocation record of the proceeding under review. The review shall be limited to the issues presented in the petition for review. The discovery provisions under the Code of Civil Procedure applicable to ordinary suits shall not apply in a suit for judicial review under this Subsection. The court may affirm the revocation decision of the committee on parole or reverse and remand the case for further revocation proceedings. **An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.**

**D. Petitions for review that allege a denial of a revocation hearing under the provisions of R.S. 15:574.9 shall be subject to a peremptive period of ninety days after the date of revocation by the committee on parole.... Petitions for review filed after this peremptive period shall be dismissed with prejudice.....**

(Emphasis added).

Louisiana Revised Statute 15:574.11 is a statutory grant of appellate jurisdiction to the Nineteenth Judicial District Court to review decisions of the Parole Board where a denial of a revocation hearing under La. R.S. 15:574.9 is alleged or the procedural due process protections specifically afforded for such a hearing were violated. Thus, an appeal is allowed only where the parolee has alleged in his petition for judicial review that his right to a revocation hearing has been denied or that the procedural due process protections specifically afforded by La. R.S. 15:574.9 in connection with such a hearing were violated. **Leach v. Louisiana Parole Bd.**, 2007-0848 (La. App. 1 Cir. 6/6/08), 991 So.2d 1120, 1124, writs denied, 2008-2385 (La. 8/12/09), 17 So.3d 378, and 2008-2001 (La. 12/18/09), 23 So.3d 947. There is no other basis for an appeal. La. R.S. 15:574.11(A).

4

In the limited, specified circumstances where an appeal is allowed, it must be taken within ninety days. La. R.S. 15:574.11(D); **Sams v. Louisiana Parole Bd.**, 2010-1692 (La. App. 1 Cir. 3/25/11), 2011 WL 1103641, at *3, writ denied, 2011-0839 (La. 6/3/11), 63 So.3d 1018. The plain language of La. R.S. 15:574.11(D) provides that the time period provided therein is peremptive. Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Additionally, peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461; **Sams**, 2011 WL 1103641, at *3. A peremptive period statute totally destroys or extinguishes the previously existing right with the result that, upon expiration of the peremptive period, a cause of action or substantive right no longer exists to be enforced. See **Quatrevingt v. State through Landry**, 2017-0884 (La. App. 1 Cir. 2/8/18), 242 So.3d 625, 632, writ denied, 2018-0391 (La. 4/27/18), 239 So.3d 837.

In the instant case, Breaux did not file his petition for judicial review until over three years after the Parole Board rendered its decision to revoke his parole- well after the ninety days within which he was allowed by law to seek judicial review. Thus, regardless of whether Breaux had a right to appeal under La. R.S. 15:574.11, Breaux's rights to seek review, if any, were extinguished by his failure to file a petition within the ninety days allotted in La. R.S. 15:574.11(D). See **Sams**, 2011 WL 1103641, at *3.

## CONCLUSION

For the above reasons, the August 5, 2019 judgment of the district court, dismissing Breaux's petition for judicial review with prejudice, is affirmed. No costs are assessed in this pauper suit.

**AFFIRMED.**

5