**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CA 1235**

GERALD WILLIAMS

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

JUN 27 2024
Judgment Rendered: _____

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 723929

Honorable Donald R. Johnson, Judge Presiding

* * * * * *

| | |
|---|---|
| Gerald Williams<br>Cottonport, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Robert R. Rochester, Jr.<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * *

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

**McCLENDON, J.**

An inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department) seeks review of a district court judgment that dismissed his suit without prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 26, 2022, Gerald Williams filed a Petition for Judicial Review, challenging the revocation of his parole. Particularly, Mr. Williams alleged that he is entitled to parole reinstatement after serving ninety days as a first technical violator. The Department answered the petition on December 2, 2022, contending that the Board of Pardons and Parole (Parole Board) was the proper defendant and further asserting that because Mr. Williams used a weapon when he committed the crime of simple assault on March 25, 2021, while on parole, he did not qualify as a first technical violator. On February 16, 2023, the commissioner[1] issued an Order to Obtain Parole Revocation Record, ordering the Parole Board to file into the suit record a certified copy of the official record of the parole revocation complained of by Mr. Williams in his appeal. On March 8, 2023, the Louisiana Committee on Parole filed a Motion to Dismiss, asserting that Mr. Williams' claims are perempted pursuant to LSA-R.S. 15:574.11(D). The committee on parole also attached the official record maintained by the Parole Board regarding Mr. Williams' parole revocation.

The record shows that on March 25, 2021, Mr. Williams, while on parole, committed the misdemeanor offense of simple assault with a weapon. The record also shows that on April 30, 2021, Mr. Williams waived, in writing, his final parole revocation hearing and entered a guilty plea to violating the conditions of his parole. On May 5, 2021, the Parole Board sent a letter to Mr. Williams stating that it was in receipt of his waiver of the final revocation hearing and that it accepted his guilty plea to violating the conditions of his parole. As such, the Parole Board revoked Mr. Williams' parole, effective

---

[1] The office of commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. LSA-R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." LSA-R.S. 13:713(C)(5); **Bell v. Louisiana Department of Public Safety and Corrections**, 2020-0067 (La.App. 1 Cir. 11/6/20), 315 So.3d 301, 303 n.2.

2

April 30, 2021. Thereafter, Mr. Williams filed his Petition for Judicial Review, seeking to be released back on parole.

On April 12, 2023, the commissioner issued a report, finding that on the face of the petition, the appeal was untimely and that Mr. Williams had not shown any proof to the contrary. Therefore, the commissioner recommended that Mr. Williams' suit be dismissed for failing to state a claim for which relief may be granted and for being perempted under LSA-R.S. 15:574.11(D). On June 22, 2023, the district court adopted the recommendation of the commissioner and dismissed Mr. Williams' suit with prejudice. Mr. Williams appealed to this court, asserting that he was denied a hearing and that his due process rights were violated.

## DISCUSSION

Louisiana Revised Statutes 15:574.11 provides, in part:

A. Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions, or revocation of parole rest in the discretion of the committee on parole. No prisoner or parolee shall have a right of appeal from a decision of the committee regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9.

\* \* \*

C. The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record. Within thirty days after service of the petition, or within further time allowed by the court, the committee on parole shall transmit to the reviewing court the original or a certified copy of the entire revocation record of the proceeding under review. The review shall be limited to the issues presented in the petition for review. The discovery provisions under the Code of Civil Procedure applicable to ordinary suits shall not apply in a suit for judicial review under this Subsection. The court may affirm the revocation decision of the committee on parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.

D. Petitions for review that allege a denial of a revocation hearing under the provisions of R.S. 15:574.9 shall be subject to a peremptive period of ninety days after the date of revocation by the committee on parole. When revocation is based upon the conviction of a new felony while on parole, the ninety-day peremptive period shall commence on the date of final judgment of the new felony. Petitions for review filed after this peremptive period shall be dismissed with prejudice.

Louisiana Revised Statutes 15:574.11 is a statutory grant of appellate jurisdiction to the Nineteenth Judicial District Court to review decisions of the Parole Board where a denial of a revocation hearing under LSA-R.S. 15:574.9 is alleged or the procedural due process protections specifically afforded for such a hearing were violated. Thus, an appeal is allowed only where the parolee has alleged in his petition for judicial review that his right to a revocation hearing has been denied or that the procedural due process protections specifically afforded by LSA-R.S. 15:574.9 in connection with such a hearing were violated. **Breaux v. Louisiana Parole Board**, 2019-1411 (La.App. 1 Cir. 8/3/20), 2020 WL 4435438, *2 (unpublished), citing **Leach v. Louisiana Parole Bd.**, 2007-0848 (La.App. 1 Cir. 6/6/08), 991 So.2d 1120, 1124, writs denied, 2008-2385 (La. 8/12/09), 17 So.3d 378, and 2008-2001 (La. 12/18/09), 23 So.3d 947. There is no other basis for an appeal. LSA-R.S. 15:574.11(A).

In the limited, specified circumstances where an appeal is allowed, it must be taken within ninety days. LSA-R.S. 15:574.11(D); **Breaux**, 2020 WL 4435438 at *2. The plain language of LSA-R.S. 15:574.11(D) provides that the time period provided therein is peremptive. Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. LSA-C.C. art. 3458. Additionally, peremption may not be renounced, interrupted, or suspended. LSA-C.C. art. 3461. A peremptive period statute totally destroys or extinguishes the previously existing right with the result that, upon expiration of the peremptive period, a cause of action or substantive right no longer exists to be enforced. **Breaux**, 2020 WL 4435438 at *2.

In this matter, Mr. Williams waived his final revocation hearing, entered a plea of guilty to violating parole conditions, and his parole was thereby revoked, effective April 30, 2021. His petition for judicial review of his parole revocation was filed on September 26, 2022, a year and a half after his parole revocation, which was well after the ninety days within which he was allowed by law to seek judicial review. Therefore, regardless of whether Mr. Williams had a right to appeal under LSA-R.S. 15:574.11(C), his right to seek review, if any, was extinguished by his failure to file a petition within the ninety days allotted in LSA-R.S. 15:574.11(D).

4

## CONCLUSION

For these reasons, the June 22, 2023 judgment of the district court, dismissing with prejudice Gerald Williams' petition for judicial review, is affirmed. Costs of this appeal are assessed against Gerald Williams.[2]

**AFFIRMED.**

---

[2] Although Mr. Williams filed his petition for judicial review *in forma pauperis*, he was unsuccessful in obtaining the relief sought and costs may be assessed against him. See **Moore v. Louisiana Parole Board**, 2022-1278 (La.App. 1 Cir. 6/2/23), 369 So.3d 415, 419 n.6.