960 So.2d 979 (2007)
Richard BERTRAND
v.
LOUISIANA PAROLE BOARD.
No. 2006 CA 0871.
Court of Appeal of Louisiana, First Circuit.
March 28, 2007.
*980 Richard Bertrand, Kinder, In Proper Person.
Wendell C. Woods, Baton Rouge, Counsel for Appellee Louisiana Board of Parole.
Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
This is an appeal from the district court's dismissal with prejudice of an inmate's petition. Richard Bertrand is an inmate in the custody of the Department of Public Safety and Corrections. In this appeal Mr. Bertrand is challenging the Parole Board's decision pursuant to La. R.S. 15:574.9 regarding the merits of his parole revocation. The district court's judgment, in conformance with the Commissioner's recommendation, upheld the revocation of Mr. Bertrand's parole, denying his appeal and dismissing his suit. From that judgment Mr. Bertrand appealed assigning the following as error:
1. The trial court erred in finding that he absconded from supervision;
2. The trial court erred in finding that he was given adequate notice of the charges of violation. Specifically, that he was not notified in writing by the Board of the charges against him;
3. The trial court erred in its time computation between hearings with the Parole Board. Specifically, the revocation hearing was not brought before the Board in a timely manner.
4. The trial court erred in finding that he had sufficient notice of the charged violation, and thus, his due process rights were violated.
Concerning the first assignment of error, Mr. Bertrand alleges that the Parole Board erred when it found that he "absconded" from supervision.[1] Although not expressed in the assignment of error, he also argues that his conviction for assault was only a misdemeanor and as such should not have been considered at the Parole Board hearing. He specifically argues that since this offense occurred in Texas, evidence of this conviction should not have been admitted at the parole revocation hearing.
Until recently a court's ability to review the facts surrounding any parole revocation proceeding was severely limited by the restrictions set forth in La. R.S. 15:574.11.[2] In this case however, at the time the district court reviewed the matter, November 15, 2005, La. R.S. 15:574.11 had been modified to add section C which provides as follows in pertinent part:
C. The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record. . . . The court may affirm the revocation decision of the Board of Parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal *981 a final judgment of the district court to the appropriate court of appeal.
This amendment clearly gives the district court appellate jurisdiction over alleged violations of La. R.S. 15:574.9 by the Parole Board at a revocation hearing. Accordingly, we conclude that the Commissioner's report, adopted by the district court, erred in stating that it had no authority to consider or overturn the Parole Board's decision and that the petitioner had no right to seek review of those findings. Consequently, we will independently review and evaluate the evidence included in the record.[3]
On review of the administrative record we conclude that the Parole Board did comply with the two mandates of La. R.S. 15:574.9 B in revoking Mr. Bertrand's parole.[4] The Parole Board first determined that Mr. Bertrand violated a condition of his parole by committing an assault while on parole. Second, it found that Mr. Bertrand's violation, while only a misdemeanor, still "involve[s] misconduct indicating that the parolee was unwilling to comply with proper conditions of parole." The record reflects that on April 22, 2004, Mr. Bertrand was arrested for: (1) retaliation against a police officer, (2) assault on a public servant, (3) criminal mischief, and (4) assault on his girlfriend. Mr. Bertrand pled guilty to the fourth charge, assault of his girlfriend. On October 12, 2004, a Texas court sentenced him to six months (180 days) in the Orange County jail. He was given credit for the 174 days already served. The other charges were dismissed.
We therefore conclude that the factual findings by the Parole Board were not clearly wrong and do not demonstrate an abuse of its discretion. Accordingly, the first assignment of error is without merit.
In Mr. Bertrand's second and fourth assignments of error, he argues that he was not given adequate or proper notice of the charges pending against him prior to the hearing. He claims that his notice was inadequate because the law requires that such notice must be in a writing originated by the Parole Board, which did not occur in his case. Although he concedes that he was notified of his rights and did appear at the hearings he argues that he was not aware of the charges pending against him or notified of the evidence to be used to support those charges.
We disagree. The record reflects that on April 26, 2004, Officer Rochelle Bottley presented Mr. Bertrand with a preliminary hearing report listing all of the charges pending against him. Mr. Bertrand refused to sign this report. The record further reflects that in a letter dated March 29, 2005, Mr. Bertrand was also notified about his revocation hearing. This letter does not specifically state the pending charges, but it does detail his right to present witnesses and it also states that if he did not receive a copy of the alleged violations, he was to immediately contact his parole officer and obtain a copy. The record is devoid of any attempt to obtain a copy. The record further reflects that at a prior hearing, Mr. Bertrand was given an opportunity to continue the revocation hearing in order to obtain witnesses necessary *982 for his defense. Mr. Bertrand chose not to do so.
Furthermore, from the recorded testimony it is evident that Mr. Bertrand was on notice that he had been charged with the assault on his girlfriend (presently his wife, since they were married while he was incarcerated). The recorded testimony also reflects that Mr. Bertrand was given the opportunity to continue the trial so that his wife and any other witness could be subpoenaed for the hearing. Mr. Bertrand clearly stated that he did not want a continuance and preferred to proceed with the hearing without witnesses. Accordingly, we conclude that the second and fourth assignments of error are without merit.
In the third assignment of error, Mr. Bertrand argues that he was not brought before the Parole Board in a timely manner, and this delay resulted in a violation of his due process rights. However, although this contention is stated in brief, he neither explains his position nor cites authority to support it. Therefore, with no statutory provision or other legal precept to support his position, this discussion is pretermitted.[5]
Accordingly, the judgment of the district court denying Richard Bertrand's appeal, and thus upholding his parole revocation, is affirmed. The cost of this appeal is assessed against petitioner, Richard Bertrand. This memorandum opinion is issued in accordance with Uniform Rules  Courts of Appeal Rule 2-16.1 B.
AFFIRMED.
HUGHES, J., concurs.
NOTES
[1] We note that Mr. Bertrand alleges that the trial court erred in stating that he absconded from supervision. However, the record does not reflect that this issue was addressed or that the Parole Board made such a finding. Consequently, whether Mr. Bertrand did or did not "abscond" from the Parole Board's jurisdiction was not an issue at the hearing and will not be addressed in this opinion.
[2] See Madison v. Ward, 00-2842, p. 5 n. 7 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245, 1250 n. 7.
[3] The Louisiana Constitution provides that the appellate jurisdiction of a court of appeal extends to law and facts. LSA-Const. art. V, § 10(B).
[4] (1) The parolee has failed, without a satisfactory excuse, to comply with a condition of his parole; and (2) The violation involves the commission of a felony, or misconduct indicating a substantial risk that the parolee will commit another felony, or misconduct indicating that the parolee is unwilling to comply with proper conditions of parole.
[5] Uniform Rules  Courts of Appeal, Rule 2-12.4 provides that "All specifications or assignments of error must be briefed." The court may consider as abandoned any specification or assignment of error that has not been briefed.