KUHN, J.
12Petitioner-appellant, Luis Gonzales, appeals the district court’s judgment, affirming the decision of the Board of Parole (the Board) and dismissing his petition for appeal of a parole revocation. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Petitioner was granted parole in 2007 on a thirty-year sentence for a violation of the controlled dangerous substance law. The Board ordered his supervision overseen in the Donaldsonville, Louisiana district of the Division of Probation and Parole. In March 2008, petitioner admits that he relocated to the Thibodeaux district but never reported the change of residence to the Board. After moving from his assigned residence without permission from his parole officer, a warrant for his having absconded was issued.
In January 2010, petitioner was arrested in St. Bernard Parish on two charges: possession of cocaine, a schedule II controlled dangerous substance; and illegal possession of stolen things (a vehicle). He requested that the revocation preliminary hearing and final revocation hearing be deferred until a final disposition of the pending charges. The charges were eventually dismissed in March 2011.
A preliminary revocation hearing was held on April 29, 2011, in St. Bernard Parish where petitioner was incarcerated. At the hearing, petitioner was charged with violating seven conditions of parole. A hearing was held before a preliminary hearing officer wherein he was found guilty of having violated five of the seven charges. At the final revocation hearing the Board voted unanimously to ^revoke petitioner’s parole, expressly declining to grant petitioner first-time-technical-violator status.
Petitioner sought judicial review in the Nineteenth Judicial District Court. Adopting the recommendation of the commissioner, the district court affirmed the Board’s decision and dismissed petitioner’s pleading. This appeal followed.
DISCUSSION
On appeal both before the district court and this court, the gist of petitioner’s contention is that his guilty pleas to violations of five of seven parole conditions do not support the Board’s decision to deny him relief to first-time-technical-violator status.
Initially, we note that petitioner was given notice of the charges and his right to counsel. He was given a preliminary hearing and a parole hearing. Nothing in the record supports a finding that any of petitioner’s constitutional or other substantial rights had been violated by the revocation process. Thus, he has shown no procedural due process violation. See La. R.S. 15:574.11 A (prior to amendment of La. R.S. 15:574.2 by La. Acts 2012, No. 714, § 1 [1]) (no prisoner or parolee shall have a right of appeal from a decision of the [Bjoard regarding the revocation or reconsideration of revocation of parole, ex *516 cept for the denial of a revocation hearing under R.S. 15:574.9).
Nevertheless, the district court has appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review is conducted by the court without a jury and confined to the revocation record. And the review is limited to |4the issues presented in the petition for review. The court may affirm the revocation decision of the Board; or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal. See La. R.S. 15:574.11 C (prior to amendment of La. R.S. 15:574.2 by La. Acts 2012, No. 714, § 1); Bertrand v. Louisiana Parole Bd., 2006-0871 (La.App. 1st Cir. 3/28/07), 960 So.2d 979, 980-81.
The pertinent provisions of La. R.S. 15:574.9 G (prior to amendment of La. R.S. 15:574.2 by La. Acts 2012, No. 714, § 1) state:
(l)(a) Except as provided [as stated herein], any offender who has been released on parole and whose parole supervision is being revoked under the provisions of this Subsection for his first technical violation of the conditions of parole as determined by the Board of Parole, shall be required to serve not more than ninety days without diminution of sentence or credit for time served prior to the revocation for a technical violation. The term of the revocation for the technical violation shall begin on the date the Board of Parole orders the revocation. Upon completion of the imposed technical revocation sentence, the offender shall return to active parole supervision for the remainder of the original term of supervision. The provisions of this Subsection shall apply only to an offender’s first revocation for a technical violation....
(2) A “technical violation”, as used in this Subsection, means any violation except it shall not include any of the following ...
(a) Being arrested, charged, or convicted of any of the following:
(i) A felony....
(d) Absconding from the jurisdiction of the Board of Parole.
Urging that he was improperly denied first-offender-technical-violator status, petitioner asks this court to order an application of the provisions of La. R.S. 15:574.9 G(l)(a) to allow him to return to supervised parole after serving a [smaximum sentence of ninety days without diminution of sentence or credit for time served prior to the revocation for a technical violation. He relies heavily on the preliminary hearing officer’s finding that there was no probable cause he had absconded out of state to Miami, as his probation officer had reported to the Board.
Although the preliminary hearing officer indicated there was no probable cause that petitioner was out of state, he also concluded there was probable cause that petitioner “did in fact abscond from supervision,” and that “[i]t was [petitioner’s] own testimony that he absconded.” Petitioner does not challenge the accuracy of the commissioner’s findings in the written recommendation, adopted by the district court, that petitioner informed the Board that he did not like the place he was living and thought it dangerous, and that after a “friendly” visit from police, he decided to move without permission or notification to his officer. And it is undisputed that petitioner was at large for approximately 2 years without personal contact with his officer until he was finally arrested in 2010.
According to La. R.S. 15:574.2, prior to its amendment by La. Acts 2012, *517 No. 714, § 1, the Board’s powers and duties included determination of “the time and conditions of release on parole of any person who has been convicted of a felony and sentenced to imprisonment, and confined in any penal or correctional institution in this state.” Thus, when petitioner absconded from the supervision of his parole, he absconded from “the jurisdiction of the Board.” While it is axiomatic that the Board’s geographic jurisdictional limits are necessarily within the State of Louisiana, we recognize that jurisdiction is also power and legal authority bestowed upon the Board by the legislature. See 853 Black’s Law |r,Dictionary (Sixth ed.1990) (defining jurisdiction as, among other things, “[a] term of comprehensive import embracing every kind of judicial action”); see e.g., La. C.C.P. art. 1 (jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant relief to which they are entitled). As such, we find no error in the Board’s conclusion that petitioner’s absconding from the supervision for nearly two years was sufficient under La. R.S. 15:574.9 G(2)(d) to deny him first-time-technical-violator status.
Moreover, we believe the record supports denial of first-time-technical-violator status to petitioner on an additional basis. The record shows petitioner was arrested on January 28, 2010, on felony charges. See La. R.S. 40:967C (making it unlawful for any person to knowingly and intentionally possess a Schedule II substance and subjecting them to imprisonment with or without hard labor); La. R.S. 14:69 (subjecting an offender to imprisonment with or without hard labor for the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of a robbery or theft when the offender knew or had good reason to believe that the thing was stolen); and La. R.S. 14:2A(4) (defining a felony as any crime for which the offender may be sentenced to imprisonment at hard labor). The Board could correctly take notice of the arrest on two felony charges even though “no witnesses [were] present who could say what happened on the day [petitioner] was arrested” and the “charges [were] all dismissed,” as the preliminary hearing officer noted in his recommendation to the Board. Thus, having been arrested on two felony charges, 17petitioner cannot complain that the Board denied him first-time-technieal-violator status under La. R.S. 15:574.9 G(2)(a)(i).
DECREE
For these reasons, the district court correctly dismissed petitioner’s appeal. Appeal costs are assessed against petitioner-appellant, Luis Gonzales.
AFFIRMED.

. Effective August 1, 2012, the Board of Pardons functioning as the committee on parole became the successor to, and assumed control of, the affairs of the Board of Parole. See La. Acts 2012, No. 714, § 4.