NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1298


STEVE M. MARCANTEL

VERSUS

TRICIA SOILEAU, ET AL.



**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 73729-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.


**AFFIRMED.**

**Steve M. Marcantel**
**Jackson Parish Correctional Center**
**287 Industrial Drive**
**Jonesboro, Louisiana 71251**
**PRO-SE COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Steve M. Marcantel**

**James D. "Buddy" Caldwell**
**Attorney General**
**Michael W. Landry**
**Assistant Attorney General**
**One Lakeshore Drive, Suite 1200**
**Lake Charles, Louisiana 70629**
**(337) 491-2880**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana, Through the Committee on Parole**

**CONERY, Judge.**

The pro-se plaintiff, Steve M. Marcantel ("Mr. Marcantel"), appeals the dismissal of his claims against the defendant, the State of Louisiana through the Committee on Parole, formerly the Board of Parole, on the basis of the declinatory exception of *lis pendens* and the peremptory exception of no cause of action. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Marcantel's parole was revoked by the Board of Parole on January 17, 2012, and he filed the instant lawsuit on October 26, 2012, in the Thirteenth Judicial District Court. However, the Louisiana legislature abolished the Board of Parole and replaced it with the Committee on Parole ("Committee").[1]

In his October 26, 2012 original petition, Mr. Marcantel named as a defendant the Louisiana Department of Public Safety and Corrections ("the DPS&C") and several of the Evangeline Parish parole officers.[2] Counsel for the DPS&C originally thought the only State entity named as a defendant in Mr. Marcantel's action was the DPS&C. This interpretation was bolstered by Mr. Marcantel's failure to formally name the Committee as a defendant in his original petition and by his delay in serving the Committee, a separate state entity, until March 2013. Mr. Marcantel, however, confirmed to the trial court at a hearing

---

[1]2012 La. Acts, No.714, effective August 1, 2012, provides that "any legal proceeding to which the Board of Parole is a party . . . shall be continued in the name of the Committee on Parole."

[2]Mr. Marcantel also named as defendants, the Town of Mamou; Chief of Police of the Town of Mamou, Louisiana, Gregory Dupuis; the Mamou Police Department; Detective Marie Potter, of the Mamou Police Department; and the Municipal Court Clerk of the Town of Mamou, Louisiana. However, none of the other defendants are parties to this appeal; only the Committee, who is represented by the same counsel as the DPS&C from the office of the Attorney General, is a party to this appeal.

held on June 12, 2013, that he intended to sue two separate State entities, the DPS&C and the Committee.

Once it became apparent that Mr. Marcantel intended to file suit against the Committee, counsel for the Committee responded by filing on behalf of the Committee a number of declinatory and peremptory exceptions and a motion for summary judgment seeking to have the Committee dismissed from Mr. Marcantel's suit.[3] On August 12, 2013, Mr. Marcantel filed his "First Amended Petition in Suit for Damages for Personal Injury, Wrongful Acts and Violations of Civil Rights Pursuant to Louisiana Law and Federal 42 U.S.C. § 1983" ("amended petition"). The exceptions and the motion for summary judgment filed on behalf of the Committee were set for hearing by the trial court on September 11, 2013.[4]

After the hearing, the trial court granted the Committee's declinatory exception of *lis pendens* pursuant to La.Code Civ.P. art. 925(A)(3) and assigned oral reasons for its ruling. The trial court's ruling was based on Mr. Marcantel's previously filed appeal of the Committee's decision to revoke his parole in the Nineteenth Judicial District Court, Parish of East Baton Rouge, referenced in paragraph five of his October 26, 2012 original petition.

---

[3]The following exceptions and motion were filed on behalf of the Committee: (1) the declinatory exception of insufficiency of service of process for failing to request service within the time prescribed by La.Code Civ.P art. 1201(C) and La.R.S. 13:5107(D); (2) the declinatory exception of *lis pendens* pursuant to La.Code Civ. P. art. 925(A)(3); (3) the declinatory exception of improper venue pursuant to La.Code Civ.P. art. 925(A)(4) and La.R.S. 15:574.11(B); (4) the declinatory exception of lack of jurisdiction over subject matter pursuant to La.Code Civ.P. art. 925(A)(6) and La.R.S. 1574.11; (5) the peremptory exception of no cause of action pursuant to La.Code Civ.P art. 927(A)(5) and La.R.S. 15:574.11; and (6) a motion for summary judgment based on qualified immunity pursuant to La.R.S. 9:2798.1.

[4]The DPS&C and its employees, parole officers in Evangeline Parish, remain defendants in this litigation. None of the exceptions filed by the Committee and ruled on by the trial court on September 11, 2013, were on behalf of the DPS&C or its parole officer employees in Evangeline Parish.

2

In paragraph five, Mr. Marcantel acknowledges that at the time of filing his October 26, 2012 original petition naming the Committee, there was prior action pending in the Nineteenth Judicial District Court, Parish of East Baton Rouge under the caption, "Steve M. Marcantel vs. Louisiana Board of Parole, et al, No.C610812, Section 26," which challenges the Committee's January 17, 2012 decision to revoke his parole. In this case, Mr. Marcantel specifically prays that the "Board of Parole immediately rescind its decision to revoke the Plaintiff's parole because revocation was based on false premises." In paragraph thirty of his amended petition, Mr. Marcantel claims the Committee violated both his federal and state due process protections by failing to give him adequate notice of his alleged parole violations prior to his revocation hearing.

The trial court, after an extensive hearing, found for oral reasons assigned that all of Mr. Marcantel's claims against the Committee involved allegations that false information was submitted to the Committee by his parole officers in Evangeline Parish. This allegedly false information was submitted to the Committee without notice and without first being disclosed to Mr. Marcantel, and it ultimately resulted in the revocation of his parole.

The trial court found that these claims were brought in an attempt to appeal the decision of the Committee revoking Mr. Marcantel's parole. Based on its ruling, the trial court granted the Committee's exception of *lis pendens* and in its September 24, 2013 judgment transferred "all claims based on any alleged negligent actions by the Committee on parole" to "the earlier filed action in the 19th Judicial District Court bearing docket number C610812, Section 26." [5]

---

[5] When Mr. Marcantel filed his original appellant's brief, it included a motion to supplement the record. Mr. Marcantel later became aware that it was a "legal error" to

3

The trial court further granted the Committee's peremptory exception of no cause of action pursuant to La.Code Civ.P. art. 927(A)(5). The trial court found that Mr. Marcantel had given up his claim of respondeat superior and vicarious liability against the Committee and therefore had stated no cause of action against the Committee for the alleged actions of Agent Soileau or the other named Evangeline Parish parole officers. The trial court's determination that Mr. Marcantel's claim against the Committee had been abandoned was based in part on Mr. Marcantel's dismissal of the Committee in his amended petition. Paragraph thirty-three of the amended petition states that the Committee was "*not*" vicariously liable for the actions of the parole officers in Evangeline Parish.

In its September 24, 2013 judgment, the trial court memorialized its rulings and stated that all other motions and exceptions filed on behalf of the State of Louisiana through the Committee were rendered moot. The trial court found that because all the claims made by Mr. Marcantel against the Committee were "dismissed with prejudice or transferred to the 19th Judicial District Court, the Committee on Parole is no longer a party in the above-captioned matter." Mr. Marcantel now timely appeals the September 24, 2013 ruling of the trial court.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Marcantel assigns the following errors:

---

supplement the record on appeal with "evidence" not admitted into the record before the Committee. Mr. Marcantel sought to withdraw his motion to supplement the record and further sought to file a supplemental brief addressing the issue of *lis pendens*. This court granted Mr. Marcantel's motion to withdraw his motion to supplement the record, but denied his motion to submit supplemental briefing. Mr. Marcantel now seeks reconsideration of this court's denial of his request to file a supplemental brief on the issue of *lis pendens*. However, for the reasons stated, it is unnecessary for this court to rule on Mr. Marcantel's motion for reconsideration, as it is rendered moot by this court's ruling.

4

1. Plaintiff suggests the trial Court erred in granting the Committee on Parole's exception of no cause of action; and,

2. Plaintiff suggests the trial Court erred in granting the Committee on Parole's exception of *lis pendens*, especially in view of the fact the Committee did not introduce into evidence the alleged "suit" filed in the 19th JDC in docket no. C610812; and, [6]

3. Plaintiff suggests the trial Court erred in deciding jurisdiction and/or venue was not proper in Evangeline Parish.

## LAW AND DISCUSSION

### *Standard of Review*

The standard of review when an appellate court is presented with an exception of no cause of action is well-settled. The supreme court, in *Ramey v. DeCaire,* 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19 (citations omitted), stated the following:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

> Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

> The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a

---

[6]At the end of Assignment of Error Number Two, Mr. Marcantel inserts the following information in a footnote: "The appeal was denied in the 19th JDC, and was appealed to the First Circuit Court of Appeal, and is presently pending in that court under docket number 2013-CA-0039."

question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

## *Assignment of Error One*

The record is clear that Mr. Marcantel, in his amended petition, dismissed his claims against the Committee based on respondeat superior and vicarious liability for the alleged actions of the Evangeline Parish parole officers, in particular Ms. Tricia Soileau. The trial court based its ruling granting the Committee's peremptory exception of no cause of action partially on Mr. Marcantel's dismissal of the Committee in his amended petition. The trial court further found that the Committee and the DPS&C are separate State entities. The DPS&C, which remains a party to this action, is the employer of the Evangeline Parish parole officers, including Ms. Soileau. As the employer, the DPS&C could be vicariously liable under the theory of respondeat superior and would be the proper party to respond to Mr. Marcantel's allegations against the Evangeline Parish parole officers. Accordingly, Mr. Marcantel's first assignment of error has no merit.

## *Assignment of Errors Two and Three*

Mr. Marcantel's second and third assignments of error will be addressed together as they both are related to his right to bring an action in the Thirteenth Judicial District Court against the Committee for revocation of his parole on January 17, 2012.

Louisiana Code of Civil Procedure article 531 provides the criteria for granting an exception of lis pendens:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

A district court's ruling on an exception of lis pendens is a question of law and is also subject to a de novo review to determine whether the trial court was legally correct. 727 *Toulouse, L.L.C. v. Bistro at the Maison De Ville, L.L.C.,* 12-1014 (La.App. 4 Cir. 8/21/13), 122 So.3d 1152, *writ denied*, 13-2414 (La. 1/10/14), 130 So.3d 327.

Mr. Marcantel argues in his second assignment of error that the trial court erred in granting the Committee's exception of lis pendens because the Committee did not place into evidence the "alleged 'suit' filed in the 19th JDC in docket no. C610812." In his third assignment of error he argues that "the trial court erred in deciding that jurisdiction and/or venue was not proper in Evangeline Parish." For the following reasons, we affirm the determination of the trial court that Mr. Marcantel's claims more properly belong, and can only be brought against the Committee, in the Nineteenth Judicial District Court.

This court's de novo review of the record reflects that Mr. Marcantel's pleadings in the original petition at paragraph five informed the trial court of the pending action in the Nineteenth Judicial District Court docketed as C610812, Section 26, wherein Mr. Marcantel was appealing the decision of the Committee revoking his parole.[7] Therefore it was not necessary for the action pending in the Nineteenth Judicial District Court to be placed in the record by the Committee, as

---

[7]Though now on appeal in the First Circuit Court of Appeal, at the time of the September 11, 2013 hearing before the trial court, the aforementioned action was still pending before a trial court in the Nineteenth Judicial District Court.

Mr. Marcantel admitted in his original petition that he had a prior action seeking to appeal the Committee's decision revoking his parole.

In an extensive hearing, the trial court engaged in an all-encompassing colloquy with Mr. Marcantel concerning his allegations in his original and first amending petition. The trial court found that despite Mr. Marcantel's attempts to distinguish his claims before the trial court in the Thirteenth Judicial District Court from his claims pending in the Nineteenth Judicial District Court, all of Mr. Marcantel's claims ultimately related to the Committee's decision revoking his parole. The trial court stated in oral reasons from the bench:

> I've got you. I've heard it for an hour. I got you. My problem is number one, that information that you're talking about that you didn't get provided, that's part in parcel [sic] of your complaint of their review process and whether or not it's constitutional. That goes with the claim that you have in the Nineteenth. That's my ruling. It's…The Lis Pendens Exception is granted when it comes to that, when it comes to the Committee on Parole.

The trial court, in its colloquy with Mr. Marcantel, also continuously referred to the special venue and jurisdictional provisions which only allow an appeal of a decision by the Committee to be brought in the Nineteenth Judicial District Court. As previously stated, the declinatory exceptions of improper venue and lack of subject matter jurisdiction were raised before the trial court and on appeal by the Committee. It is clear from the record that the trial court is referring to La.R.S. 15:574.11(B) & (C), which provide:

> B. Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests any action of the committee shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the committee shall be controlled by this Part and R.S. 15:571.15 and not the Code of Criminal Procedure, Title XXXI-A, Post-Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary.

8

C. The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record. Within thirty days after service of the petition, or within further time allowed by the court, the committee on parole shall transmit to the reviewing court the original or a certified copy of the entire revocation record of the proceeding under review. The review shall be limited to the issues presented in the petition for review. The discovery provisions under the Code of Civil Procedure applicable to ordinary suits shall not apply in a suit for judicial review under this Subsection. The court may affirm the revocation decision of the committee on parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.

Prior to the 2005 amendment to La.R.S. 15:574.11, adding subsection C above, an appeal to the Nineteenth Judicial District Court was allowed under subsection A only where a denial of a revocation hearing under La.R.S. 15:574.9 was alleged. *Madison v. Ward*, 00-2842 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245. Subsequent to the 2005 amendment, the district courts of the Nineteenth Judicial District are to conduct, without a jury, a review confined to the revocation record, and may affirm the Committee's decision or reverse and remand to the Committee for further revocation proceedings. A final judgment of the district court may then be appealed to the appropriate court of appeal, which is the First Circuit Court of Appeal. *Bertrand v. La. Parole Bd.*, 06-871(La.App. 1 Cir. 3/28/07), 960 So.2d 979; La.R.S. 15:574.11(C).[8]

---

[8]Mr. Marcantel admits on appeal that the Nineteenth Judicial Court denied his appeal and that he filed an appeal of that decision in the First Circuit Court of Appeal, where it is currently pending. An appellate court reviewing a trial court's grant or denial of an exception of lis pendens considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment. *American Nat. General Ins. Co. v. Howard*, 07-1527 (La.App. 3 Cir. 4/30/08), 981 So.2d 863. If the other suit is now on appeal in the First Circuit Court of Appeal, it is still pending. *See Boundaries v.* Cassidy, 11-1267 (La.App. 3 Cir. 3/7/12), 86 So.3d 125, *writ denied*, 12-780 (La. 5/25/12), 90 So.3d 412. Thus the

Based on the foregoing, and although not mentioned in the trial court's ruling or judgment, we find an additional basis to affirm the trial court's dismissal of the Committee from Mr. Marcantel's action in the Thirteenth Judicial District Court based on lack of venue and jurisdiction pursuant to La.Code Civ.P. art. 925(A)(6) and La.R.S. 15:574.11(B) &(C).

The trial court evidenced great determination and patience in both listening to and attempting to explain to Mr. Marcantel, as a pro-se litigant, that his allegations against the Committee were ultimately tied to his appeal of the Committee's decision and therefore only properly brought in the then pending action in the Nineteenth Judicial District Court. We therefore find that Mr. Marcantel's second and third assignments of error are without merit.

**CONCLUSION**

For the foregoing reasons, we affirm the September 24, 2013 judgment of the trial court transferring to the Nineteenth Judicial District Court, Mr. Marcantel's claims related to his appeal of the Committee's January 17, 2012 decision revoking his parole and the dismissal with prejudice of Mr. Marcantel's claims against the Committee based on the peremptory exception of no cause of action. All costs of this appeal are assessed to Steve M. Marcantel, recognizing that he is proceeding in *forma pauperis*.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

criteria of La.Code Civ.P. art. 531 are still met. Further, article 531 also states that the first final judgment rendered on dual suits "shall be conclusive of all."